Peck, J.
The single question presented is, whether the county court of Henry county could, under the circumstances of this case, permit the said administrators to surrender up the administration and appoint another.
It is clear that the county court would not have the power of doing so arbitrarily, and without the consent of the administrator, or without a good and sufficient cause. It is not perceived by the court, why the county court should not have this power when the administrator'abuses his trust, or where he assents to it, and when it may be evidently for the benefit of the estate that the administration should be given up.
The authorities cited only show, that the court having once granted administration, has not the power to revoke it at pleasure; but where a case is presented, in which the court believe it to be advantageous to the estate to change the administrator, who is willing and consents to it, there is no rule or principle of law to prevent it. Such a change of the administration will not discharge or release the former administrator, or his securities, from any liabilities incurred before he surrendered the administration. The court believe that the county court of Henry had the power, and that it was properly exercised in this case; the more especially as the complainant must be considered as holding in a character which he cannot dispute.
The decree of the Chancellor must be reversed, and the defendants decreed to deliver up the negroes mentioned in the pleadings.
Whyte, J. and Green, J. concurred.